UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JEFFREY SUNG DMD, | |
| Plaintiff, | |
| v. | Civil Action No. 17-11960 (KM) (MAH) |
| STATE OF NEW JERSEY, et al., | OPINION |
| Defendants. | |

## I. INTRODUCTION

This matter comes before the Court on *pro se* Plaintiff Jeffrey Sung, D.M.D.'s Motion for Leave to File an Amended Complaint. The Court decided this motion without oral argument. *See* Fed. R. Civ. P. 78. For the reasons set forth below, the Court will deny Plaintiff's motion.

## II. BACKGROUND[1]

As the District Court noted in its Opinion granting Defendants' motions to dismiss the original complaint, this action arises out of an alleged conspiracy involving organized crime, members of the New Jersey State Judiciary, state and local prosecutor's offices, police, attorneys, and others, in connection with the disposition of lawsuits and criminal matters between 1990 and 1997.[2]

---

[1] Because the Court writes for the parties, the Court briefly summarizes the pertinent facts. The Court also accepts as true the factual allegations in the proposed pleading. *See Abelard v. Clean Earth*, No. 16-5276, 2017 WL 600082, at *1 n.1 (D.N.J. Feb. 14, 2017).

[2] *See Sung v. State of New Jersey*, No. 17-11960, 2019 WL 1173023, at *1-*4 (D.N.J. Mar. 13, 2019) (setting forth Plaintiff's factual allegations in detail). Local Civil Rule 15(a)(2) prescribes that a party seeking leave to amend a pleading shall attach to his or her motion "a form of the amended pleading that shall indicate in what respect(s) it differs from the pleading which it proposes to amend, by bracketing or striking through materials to be deleted and underlining

Plaintiff alleges that in or around 1989, Defendants Timothy Tuttle, Esq, Kung Chi Wong, and Hsing Tak Tong induced Plaintiff to invest in four corporations that operated Chinese restaurants. Proposed Amended Compl. ¶¶ 56-57, D.E. 33-1. In 1991, Plaintiff discovered that he been the subject of a scam and filed a lawsuit in state court to recoup his loses. *Id.* ¶ 58. Defendants William Pollack, Esq. and Glenn Bergenfield, Esq. represented Plaintiff in that action. *See id.* ¶¶ 33, 35. According to Plaintiff, Bergenfield took over the case for Pollock in May 1993 and voluntarily dismissed the action without Plaintiff's consent shortly thereafter. *Id.* ¶ 35. Although subsequent lawsuits were filed, "[t]hat dismissal completely destroyed [Plaintiff's] case and eventually led to the dismissal of about ten cases in a *gross injustice*." *Id.* (emphasis in original). Plaintiff alleges that "Pollack and Bergenfield took bribes from Wong and Tuttle to betray [Plaintiff]." *Id.*

Plaintiff alleges that a subsequent conversation between Plaintiff and Bergenfield led to Plaintiff's difficulties with the criminal justice system:

> In August 1993, [Plaintiff] accidentally told Bergenfield that he was working with the FBI against Tuttle, Wong and Tong. Bergenfield passed that information to Tuttle who then used his connection [with the Hudson County Prosecutor's Office ("HCPO")] to set [Plaintiff] up using corrupt [West New York] police which eventually led to [Plaintiff's] arrest in July 1994 to prevent [the] FBI from arresting them.

*Id.* ¶ 36. More specifically, Plaintiff alleges that, at Tuttle's direction, the HCPO and the West New York Police permitted local gangs to attack Plaintiff's business premises. *Id.* ¶¶ 24, 52, 59. Plaintiff was subsequently arrested and charged with unlawful possession of a weapon, which Plaintiff avers he needed for self-defense. *Id.* ¶ 52. In Plaintiff's view, the actions of the HCPO

---

materials to be added[.]" The Court excuses Plaintiff's failure to abide by that mandate in order to reach the merits of the instant motion.

and the West New York Police were tantamount to entrapment. *Id.* ¶¶ 22-24. Plaintiff subsequently retained Defendant John Dell'Italia, Esq. to defend him against the criminal charges. *Id.* ¶ 51-52. Plaintiff alleges that Dell'Italia failed to protect Plaintiff's interests and was only interested in helping Tuttle and the HCPO in the conspiracy against him. *Id.* ¶¶ 53-54.

Between 1994 and 1997, Tuttle, Wong, and Tong succeeded in defrauding Plaintiff and concealing their criminal activities. *See id.* ¶¶ 38-39, 44. The dismissal of the initial action allowed, *inter alia*: (1) a state court judge "to dispose all four corporations . . . , worth over two million dollars, to help Tuttle, Wong and Tong"; (2) Wong to take over one of the restaurants using stolen money and "Chinatown gangs"; and (3) the "HCPO to dismiss Wong's indictment of theft by deception in 1993, and set up [Plaintiff] and arrest him in July 1994." *Id.*

In connection with the disposition of the corporations, a state court judge appointed Defendant Laura Scott, Esq. as a receiver. *Id.* ¶¶ 48, 60. Plaintiff alleges that Scott unlawfully seized a significant sum of money from him and refused to provide an accounting of the receivership. *Id.* Between 1997 and 2017, Plaintiff continued to seek relief from the state judicial system for the aforementioned wrongs. Having received no recourse, Plaintiff asserts that he has "suffered for 30 years due to discrimination, conspiracy, nepotism, and collusion resulting in serious . . . civil and constitutional violations." *Id.* ¶ 1.

On November 21, 2017, Plaintiff filed a five-count complaint against the State of New Jersey, the New Jersey Department of Treasury – Unclaimed Property Administration ("UPA"), the Hudson County Prosecutor Office ("HCPO"), and the New Jersey Attorney General's Office, (collectively, "State Defendants"); and the West New York Police. Complaint, D.E. 1. Plaintiff alleged, *inter alia*, that: (1) certain state court judges committed a "breach of public trust," obstructed justice, deprived him of due process, engaged in discrimination, and violated his civil

and constitutional rights, *id.* ¶¶ 13-19; (2) the HCPO engaged in malicious prosecution and entrapped him, *id.* ¶¶ 20-24; (3) the West New York Police violated the Racketeer Influenced and Corruption Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et. seq.*, *id.* ¶¶ 25-29; (4) the UPA breached the public trust and illegally transferred a sum of money to a private citizen, *id.* ¶¶ 30-33; and (5) the Attorney General Office's breached the public trust by failing to act on his allegations of corruption, *id.* ¶¶ 34-35.

Defendants moved to dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. West New York Police Motion to Dismiss, D.E. 12; State Defendants Motion to Dismiss, D.E. 27. On March 13, 2019, the Honorable Kevin McNulty, U.S.D.J., granted Defendants' motions and dismissed the complaint without prejudice to the filing of a motion for leave to amend the complaint within thirty days. Order, D.E. 32. In a comprehensive opinion, Judge McNulty held that Plaintiff's 42 U.S.C. § 1983 and RICO claims were barred by the applicable statutes of limitations. *See Sung*, 2019 WL 1173023, at *7-8. Specifically, Judge McNulty found that "[t]here is no specific, actionable conduct identified in the complaint that occurred anytime within at least the last ten years—let alone the last two years—before the filing date of the Complaint . . . ." *Id.* at *8. Judge McNulty thus concluded that "the two-year statute of limitations for a Section 1983 suit bars [Plaintiff's] claims for false arrest, malicious prosecution, due process violations, and *Monell*[3] violations, and any other potential constitutional violation that may be extrapolated from the complaint." *Id*. Judge McNulty likewise found that Plaintiff did not allege any activity within the four-year limitations period for a civil RICO claim.[4]

---

[3] *Monell v. Dept' of Soc. Servs. of City of New York*, 436 U.S. 658 (1978)

[4] Judge McNulty alternatively held that Plaintiff failed to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Id*. In regard to Plaintiff's theories of liability predicated on obstruction of justice, accomplice liability, and entrapment, Judge McNulty dismissed those claims with prejudice on the basis that those claims are not cognizable causes of action. *Id.* at *6, n.4.

Plaintiff timely moved for leave to file an amended complaint. Motion for Leave to File an Amended Complaint, D.E. 33. In Counts One through Five of the proposedAmended Complaint, Plaintiff reasserts many of the same claims that were subject to the Court's prior order of dismissal. *See* Proposed Amended Complaint ¶¶ 19-28, D.E. 33-1. In Counts Six through Nine, Plaintiff alleges novel claims against the aforementioned non-governmental actors who participated in the conspiracies against him. *See id.* ¶¶ 29-65.

### III. ANALYSIS

"Federal Rule of Civil Procedure 15(a)(2) provides a liberal standard for motions to amend: 'The Court should freely give leave when justice so requires.'" *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115 (3d Cir. 2019) (quoting Fed. R. Civ. P. 15(a)(2)). Notwithstanding that liberal standard, "[d]enial of leave to amend can be based on undue delay, bad faith or dilatory motive on the part of the movant; repeated failure to cure deficiencies by amendments previously allowed; prejudice to the opposing party; and futility." *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962); *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014)).

Although Plaintiff's motion is unopposed, "the Court will address the merits of the Proposed Amended Complaint to ensure compliance with its previous Opinions and Orders in this case." *Catlett v. N.J. State Police*, 2013 WL 3949022, at *4 (D.N.J. July 31, 2013). As set forth more fully below, this Court will deny Plaintiff leave to amend. Plaintiff has failed to remedy the statute of limitations issues posed by his Section 1983 and RICO claims—the only causes of action

that provide this Court with jurisdiction under 28 U.S.C. § 1331.  Because the claims arising under federal law are not adequately pled and complete diversity is lacking among the remaining defendants, this Court declines to exercise jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c).

1. **Statute of Limitations**

Futility is assessed by determining whether the proposed amendment can "withstand a renewed motion to dismiss.'" *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988).  In this analysis, the Court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  *City of Cambridge Retirement Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018) (quoting *In re Burlington Coat Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).  "[T]he law of this Circuit . . . permits a limitations defense to be raised by a motion under Rule 12(b), but only if 'the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations.'"  *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) (quoting *Hanna v. U.S. Veterans' Admin. Hosp.*, 514 F.2d 1092, 1094 (3d Cir. 1975)).  Dismissal is warranted "only when the statute of limitations defense is apparent on the face of the complaint."  *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014)).

a. **Section 1983 Claims**

The applicable statute of limitations for Section 1983 claims in New Jersey is two years. *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010); *see also Wallace v. Kato*, 549 U.S. 384, 387-88 (2007) (noting that the length of the statute of limitations for Section 1983 claims is governed by the forum state's limitations period for personal injury torts).  A Section 1983 claim accrues "when the plaintiff has a complete and present cause of action, that is, when the plaintiff

can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal quotation marks and citations omitted). Stated differently, "the statute of limitations begins to run[] 'when the plaintiff knew or should have known of the injury upon which its action is based.'" *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (quoting *Sameric Corp v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)).

Plaintiff first alleges that the State of New Jersey violated his rights protected by the First and Seventh Amendments as well as various unspecified civil rights. *See* Proposed Amended Compl. ¶¶ 19-20, D.E. 33-1. Specifically, Plaintiff asserts that

> [b]etween 1990 and 1997, Plaintiff . . . filed several lawsuits in the state courts . . . alleging breach of contracts, fraud, conspiracy, RICO, legal malpractice, etc. State judges discriminated [against him] and refused to hear those lawsuits in 28 years, in violation of [Plaintiff's] civil and constitutional rights. In addition, it breached neutrality, became a plaintiff and made many illegal rulings and judgments against [Plaintiff].

*Id.* ¶ 20; *see also* Pl.'s Br. at 4-6.

Plaintiff next alleges that

> [b]etween 1990 and 1997, [the HCPO] refused to arrest criminals related to this case. Instead it collaborated with the criminals to set up and arrest [Plaintiff] to prevent FBI from arresting them. Then [the HCPO] refused to give [Plaintiff] a jury trial, and illegally seized [Plaintiff's] bail money and personal properties, in violation of his civil and constitutional rights.

Proposed Amended Compl. ¶ 22, D.E. 33-1. He asserts that the HCPO used the West New York Police "to set up [Plaintiff] in an entrapment using drug gangs to attack [him], resulting in [his] arrest . . . ." *Id.* ¶ 24. In regard to the Attorney General's Office, Plaintiff alleges that "[f]or many years from 1990, [the Attorney General's Office] breached public trust and discriminated [against Plaintiff] by refusing to investigate criminals related to this case." *Id.* ¶ 28. Finally, Plaintiff avers that "[i]n or about 2000, [the UPA] illegally and secretly gave $126,784 to [Defendant Gloria Tuttle] without a court hearing in violation of law." *Id.* ¶ 26.

Having reviewed the proposed Amended Complaint and Plaintiff's submissions, the Court concludes that Plaintiff has failed to remedy the statute-of-limitations bar to his Section 1983 claims. The proposed Amended Complaint alleges a series of putative constitutional violations that occurred in the early 1990s. As Judge McNulty succinctly stated, "[t]here is no specific, actionable conduct identified in the complaint that occurred anytime within at least the last ten years—let alone the last two years—before the filing date of the Complaint . . . ." *Sung*, 2019 WL 1173023 at *8. Plaintiff's proposed amended pleading does not cure the deficiency. Accordingly, the Court holds that granting Plaintiff leave to amend Counts One through Five to plead Section 1983 claims would be futile.[5]

### b. Civil RICO Claims

Plaintiff alleges that his attorneys, Pollack and Bergenfield, and the Tuttles violated RICO in Counts Six and Nine of the proposed Amended Complaint, respectively. The Court also finds these claims to be time-barred. "A civil action under RICO is subject to a four-year statute of limitations that follows the injury-discovery rule of accrual." *Citizens United Reciprocal Exchange v. Meer*, 321 F.3d 479, 495 (D.N.J. 2018) (citing *Forbes v. Eagleson*, 228 F.3d 471, 483-84 (3d Cir. 2000)). Under the injury-discovery rule, courts examine when the plaintiff knew or should have known of their injury, and the source thereof. *Prudential Ins. Co. of Am. v. U.S. Gypsum Co.*, 359 F.3d 226, 233 (3d Cir. 2004). An "injury" under RICO is limited to an injury to a person's "business or property." 18 U.S.C. § 1964(c); *see also In re Avandia Marketing, Sales*

---

[5] The Court also denies Plaintiff leave to renew his claims for obstruction of justice, entrapment, "accomplice and accessory of crime," and "refusal to do public duties." Proposed Amended Compl. ¶¶ 21-28, D.E. 33-1. Judge McNulty dismissed those claims with prejudice. *See Sung*, 2019 WL 1173023 at *6, n.4. Moreover, Plaintiff does not allege any facts or provide any case law to support these putative claims.

*Practices & Prods. Liability Litig.*, 804 F.3d 633, 638-39 (3d Cir. 2015) (exploring what constitutes a cognizable injury under RICO).

The proposed Amended Complaint does not set forth any factual allegations that fall within the four-years limitations period for a private civil action under RICO. Plaintiff alleges that the July 1993 dismissal of his initial state court action was predicated on "Pollack and Bergenfield [taking] bribes from Wong and Tuttle to betray [him]." Proposed Amended Compl. ¶ 36, D.E. 33-1. According to Plaintiff, the dismissal of that action ultimately permitted Tuttle, Wong, and Tong to conceal their fraudulent activity and "caused [Plaintiff] more damages than any other[]" act alleged in the proposed Amended Complaint. *Id.* ¶ 43. With respect to the Tuttles, Plaintiff alleges that he discovered their fraudulent activity in 1991 and the Tuttles' connections to illegal gang activity in 1993. *Id.* ¶¶ 57-59, 61. Having pled no cognizable injury in the past two decades, and no basis to conclude that the discovery rule would apply to toll the claim, the Court denies Plaintiff leave to amend to plead the RICO claims in Counts Six and Nine.

**2. Supplemental Jurisdiction**

Having concluded that the federal causes of action in the proposed Amended Complaint are barred by the applicable statutes of limitations, the Court now addresses the remaining claims in the Counts Six through Nine. In Count Six, Plaintiff seeks to recover damages from Pollack and Bergenfield for fraud, conspiracy, and under a theory of accomplice liability. *See* Proposed Amended Compl. ¶¶ 29-45, D.E. 33-1. In Count Seven, Plaintiff seeks to recover damages from Scott for fraud, conspiracy, breach of trust, breach of her duties as a receiver, and conversion. *Id.* ¶¶ 46-49. In Count Eight, Plaintiff seeks damages from Dell'Italia for fraud, conspiracy, and legal malpractice. *Id.* ¶¶ 50-54. Finally, Plaintiff seeks damages from the Tuttles for fraud, conspiracy, theft, breach of contract, and corruption. *Id.* ¶¶ 55-65.

Generally, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). However, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)) (emphasis in original); *see also* 28 U.S.C. § 1367(c); *Artis v. District of Columbia*, 138 S. Ct. 594, 597-98 (2018) ("When district courts dismiss all claims independently qualifying for the exercise of federal jurisdiction, they ordinarily dismiss as well all related state claims."). "Courts in this circuit have consistently declined to exercise supplemental jurisdiction over state claims when all federal claims have been decided." *Clements v. Hous. Auth. of the Borough of Princeton*, 532 F. Supp. 2d 700, 713 (D.N.J. 2007); *see, e.g.*, *Hedges*, 204 F.3d at 122–23 (affirming refusal to exercise supplemental jurisdiction over state law assault and battery claims after dismissing Section 1983 claims); *V–Tech Serv., Inc. v. Street*, 215 F. App'x 93, 96 (3d Cir. 2007) (affirming refusal to exercise supplemental jurisdiction over fraud, promissory estoppel, breach of contract, and unjust enrichment claims after dismissal of RICO claims).

Because leave to amend the complaint to plead the two federal causes of action is denied on the basis of futility, the Court will also deny leave to amend to plead state law claims against the remaining defendants. There is no affirmative justification for this Court to retain jurisdiction over Plaintiff's state law claims. Indeed, many of the claims brought against the non-governmental defendants are the same claims that Judge McNulty previously held to be non-cognizable causes

of action. In the absence of a federal claim arising out of the same set of core operative facts, this Court declines to analyze the contours of potential state law causes of action that have not previously been recognized. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 716 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."). Furthermore, Plaintiff's submissions lead this Court to believe that he has already attempted to litigate many of these claims in state court over the past two decades. *See* Proposed Amended Compl. ¶ 20; Ex. H, L, N, D.E. 33-1.

### IV. CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's Motion for Leave to File an Amended Complaint. An Order accompanies this Opinion.

**Dated: October 9, 2019**

*s/ Michael A. Hammer*
**United States Magistrate Judge**